UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER HOWELL, | ) |
| Plaintiff, | ) ) |
| v. | )  No. 4:23-cv-00465 SEP |
| UNKNOWN PAINE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Alexander Howell brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights.[1] Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. [2]. While incarcerated, Plaintiff has brought more than three federal civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. As discussed below, Plaintiff is subject to the three strikes rule pursuant to 28 U.S.C. § 1915(g). Accordingly, the motion is denied and the Complaint dismissed without prejudice, subject to refiling with the filing fee paid in full.

### THE COMPLAINT

Plaintiff Alexander Howell, an inmate at Potosi Correctional Center (PCC), filed this action pursuant to 42 U.S.C. § 1983, on April 13, 2023, naming the following Defendants: Unknown Paine (Correctional Officer); Jennifer Price (Warden, PCC); and Brian Davis (Functional Unit Manager). Plaintiff sues Defendants in their official and individual capacities.

Plaintiff claims to have been subjected to excessive force by Correctional Officer Paine when he attempted a "cross-gender strip search" of Plaintiff on February 8, 2023, at Potosi Correctional Center (PCC). When Plaintiff refused Paine's directive to allow the strip search, Paine sprayed her with pepper spray. Plaintiff alleges that she filed a grievance about Paine's use of force, which was denied by Defendant Davis on March 20, 2023. Assistant Warden Jennifer Price agreed with Davis's conclusion that Plaintiff's complaint was unsubstantiated on March 21, 2023.

Plaintiff seeks damages, as well as prospective injunctive relief ordering Defendant Paine to refrain from engaging in unlawful use of force against Plaintiff in the future.

---

[1] Plaintiff self-describes as an "identified transgender woman." Doc. [1] ¶ 3.

**DISCUSSION**

Because of Plaintiff's prior filings, she is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood numerous constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes against them must prepay the entire filing fee for their cases to proceed. *Lyon v. Krol,* 127 F.3d 763, 764 (8th Cir. 1997).

Plaintiff has accumulated three strikes under this provision. As a result, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception applies. 28 U.S.C. § 1915(g). Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. The exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For the exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury"; conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050. The imminent danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury." *Id.*

---

[2] The Court takes judicial notice that Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Howell v. Department of Justice Services, et al.* No. 4:21-CV-1000 HEA (E.D. Mo. Oct. 29, 2021) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Howell v. Gettinger*, No. 4:23-CV-464 CDP (E.D. Mo. May 19, 2023) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Howell v. St. Louis City, et al.*, No. 4:21-CV-1430 NCC (E.D. Mo. Apr. 15, 2022) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)).

Courts have denied application of the imminent danger exception where the claims of danger are "conclusory or ridiculous."  *See Ciarpaglini v. Saini*, 352 F.3d at 330-331 (9th Cir. 2003) (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger)); *Martin*, 319 F.2d at 1050 (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.2d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment from prisoner who was seen by a physician over 100 times is not imminent danger).

Plaintiff's "Statement of Claim" comprises approximately one full page.  Plaintiff claims that she was subjected to excessive force and an unreasonable search in March of 2023.  Those allegations establish neither that she was in imminent danger of serious physical injury at the time she filed the Complaint nor that she is in such danger now.  Because Plaintiff has not demonstrated that the imminent danger exception to the three strikes provision in § 1915(g) applies, Plaintiff's motion to proceed *in forma pauperis* is denied and this action is dismissed without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs, Doc. [2], is **DENIED.**

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE